is via telephone. The case is Rademacher v. United States. Counsel, please proceed. Thank you, Your Honor. This is Jeff Campbell on behalf of the appellants of Rademacher. This is the first time I've had an oral argument by phone, so I'm a little uncomfortable with this process. In any event, there are two issues that we wanted to address. One is the on the declaratory relief claim for reducement rights on the Rademacher's former property. With regard to the res judicata issue, the first point I wanted to raise and point out to the court is that there is no final judgment that has been entered in the Rademacher 1 case, which is the basis of the res judicata determination. That case is still pending, and there has been no final judgment entered in that case. There was an appeal taken in that case from the order granting a motion for partial summary judgment and directing possession of the property to be turned over to the government. However, that was an interlocutory order appeal from what was in effect a preliminary injunction entered by the district court. I think most significantly, the district court never entered an FRCP 54B judgment on less than all claims, which possibly could have made that determination final. Counsel, this is Judge Rawlinson. What do you make of our case law that says if a court treats a judgment as final for all intents and purposes, it becomes final? Well, I don't believe the court is treated to this final because we're still going through status conferences and preliminary injunction, I mean, pretrial conferences and everything in the underlying case. I think as a practical matter, the Rademachers could move at this time to amend the answer that they have filed to include an APA-based appeal as a counterclaim based on the court's procedural status of that underlying decision. The reason why we filed a separate action, though, arose out of this court's opinion in the first appeal in Rademacher in which this court found that the APA challenges which had been raised in response to the motion for summary judgment were collateral to the this court was finding that there was no subject matter jurisdiction over those that were in effect counterclaims for under 7 U.S.C. section 699. As this court indicated that, since the statute of limitations did not get brought on an APA-based appeal under 7 U.S.C. 699, based on what I understood the direction or directive of this court, this Rademacher 2 case was filed that was a direction, 7 U.S.C. 699. And it's on that basis that the government moved to dismiss saying, well, these claims could have been raised in the prior case. Mr. Campbell, if we were to agree with you and allow you to assert your APA claim now, wouldn't that call into question this court's judgment in Rademacher 1? Wouldn't the matters on which the court did decide against your client have to be reopened or be subject to challenge? Isn't that what we meant by it couldn't be collaterally challenged? It could only be directly challenged by an APA claim which you failed to raise in Rademacher 1? I don't believe so. I think that the decision that the federal government can swivel back and try to get it in FRCP 56-B1, the judgment in that case, the final line of the decision, I don't think that there's been a final resolution for purposes of race due to cause on it. I'm not sure exactly how to respond to that. This court has held in Coltman and the Adams case, which are cited on page 15 in our equipment 2, that we should have been allowed to raise these in Rademacher 1. And we thought we had. And the Madison Street judge and the district court apparently thought we had. But then we never got a review on the issues that we raised on appeal. I think under the doctrine of law of the case, we should be allowed to proceed with what the court said we should do, which is bring in direct action, which is why I filed that the way we did. Why didn't you simply file the APA in Rademacher 1 as a counterclaim? Well, I looked at that option in terms of an amendment to the answer at following this Rademacher 1. But because of the direction in the court's opinion, I thought that the court was indicating we had to bring it as a separate direct action. But even after this court's decision in Rademacher 1, why should the district court have allowed you to amend your complaint since you had already challenged the substance of the agriculture department's determination on the valuation of the property? I'm not sure they would have allowed that because, as I indicated, they had ruled on that issue. However, I think we have a right to have an appeal from that determination. And this court said we're not going to look at our issues raised on that because it was collateral. When the court says it's collateral, that tells me to my mind that that means that race judicata doesn't apply. So my findings are being sort of whipsawed between the lower court and this court. And this was the direction I thought that the court was indicating in Rademacher 1 should be advocating. Counsel, if you thought that you could not amend your complaint in Rademacher 1 following this court's decision because it would be barred, why do you think that you could file a separate docket number and have that heard? Because the court indicated in its decision that the appeal on the APA grounds under 7 U.S.C. 699 had to be brought as a direct action in the federal court. That's in the first memorandum. And that was the basis of my decision. As I indicated, though, I think, frankly, at this time procedurally, I could still go back to if it was not collateral and if this court finds that it's not collateral, I mean, if it was directly involved in the prior case, I think at this point, since there has been no final judgment, theoretically, we could still move to amend. But I think based on this court's prior ruling, this is the better way to proceed and allow us to go ahead and try this thing. This claim is not time-barred. The other issue that I did raise and I just wanted to point out was that we believe there was an error on the denial of our right to amend as to our Declaratory Relief Act claim on easement rights. Frankly, I didn't put the correct subject matter jurisdiction statutes in and relied largely on the Declaratory Relief Act, which does not form a basis for subject matter jurisdiction. The government moved to dismiss based on the fact that those were not correct jurisdictional statutes. It indicated, though, in its response that there likely was jurisdiction under the Violent Title Act, but for specificity, it would be required. I made the counterclaim. We believe under Chang and the Simchak case that we cite on page 17, that the mid-year court and the magistrate judge, unless it was clear that the complaint could not be saved by amendment, should have allowed us to amend the government's argument indicating that there was.  No, because what we did was we filed an objection to the denial or lack of a grant of leave to amend. We felt that under Chang and Simchak, the court was required to allow us to amend unless it could determine that there was no way to save the complaint. So your argument really is that the court had to sui sponte give you leave to amend? Yes, because it was clear in the government's response that the amendment would save the complaint. What's your best case authority for the proposition that the court was required to sui sponte allow you an opportunity to amend? I think Chang and Simchak cases that we're citing, except for the general rule. Not on sui sponte leave to amend? That's the way I read those two decisions. All right. Would you like to save some time for rebuttal? I'm done, Your Honor. All right. Mr. Campbell, before you stop, please thank the judge in Medford for accommodating us so that both you could have your case heard and delaying his trial. I will do so. Thank you. This is Jim Settler, and I hope that the government knows the matter. I'd like to respond briefly to a couple of matters that were raised in the five briefs. The rat makers in their submission to this court consistently characterized the original rat maker decision as a suit for a preliminary injunction. That is not the case. In the first rat maker case, the government filed a summary judgment on non-monetary issues. That was the issue that was presented to the court. That's what the court ruled upon, and in the non-monetary opinion, this court recognized that it was an appeal from a rat of a summary judgment. So to characterize this as a preliminary injunction is simply not correct. The court, the trial court, does not go through the balancing process you normally would on a preliminary injunction. It rules on the merits, and then that merit decision was appealed. When the court rules on the merits, it's somewhat difficult to follow the briefing, but the briefing went something like this. The government made their motion for summary judgment. Mr. Campbell, on behalf of his client, responded, and in part argued that the court had jurisdiction to consider and act on the administrative determination under three bases. One of those bases was APA review. The government came back to the reply memorandum and said, yeah, that's right, but it's a review on the administrative record, and it's an arbitrary capricious standard. The trial court, Judge Cooney, then went ahead and ruled on that basis that he made a ruling on the merits on applying the APA standards. As I understand the record, the right makers that appealed that matter in this court admittedly a brief opinion, denied or affirmed it at the trial court. There is no discussion in this court's appellate decision on the APA review, but it's confirmed if you look at the last paragraph that the court has a rule upon that and affirmed it. I've made an argument in my briefing that not only is that a final judgment because there's no further review of that court's decision, but it also became a flawed case. If the matter was fully briefed, the trial court decided on the merits, and this court affirmed that ruling. I've also decided to raise a case that talks about the situation where to tell a court affirmed the case on a basis different than what the trial court did, whether or not that has pretty good side effects, and I think those same standards apply. Well, excuse me. The second issue I want to make is this. The right makers have raised the issue of a four-part test on identity and plaintiffs. In my original motion in the second case, Rademaker, I decided Norhorn v. Landy Corporation would set forth those same four-part tests. The Rademakers did not file a response to the motion dismissed in the second case. They just didn't respond. Matt Knott was saying that I had satisfied our local law departments and called himself to Mr. Campbell beforehand. In the objection that Mr. Campbell filed to that of his clients, he filed a 24-page section, only about three pages dealt with substantive issues, and he did not argue identity claims for the four-part test. In the briefing that followed in the district court, that same standard or the same thing happened. In the appeals of this court, the only problem raised in the opening brief of the appellant was that the judgment was not final, and that the other argument was that he couldn't have brought it, and I think he conceded that that's not the case that McColgan and Adams, he could have. It's not telephonic in my brief that he raised the argument about the four-part test on identity claims. As I understand the rule, generally that means that arguments raised the first time in a reply brief are deep ways of the court will consider, but I'm prepared to respond to the merits of those four elements in any event. There is identity claims in this matter. The court, the trial court in Ravnica 1, actually decided the HBH standard to allow this second action to proceed would in fact allow a court or expose that ruling to a second guessing. It's actually the same evidence. It's exactly the same evidence, because the evidence in both cases is limited to the administrative record, and there's no question that there was not an adequate administrative record in the first case. They evolved the same way. The central issue that this Court's tele-decision recognizes was the capitalization right. There were gradients, and that's the same one that evolved in clearly the same factual situation. Mr. Sutherland, this is Judge Alicorn. What's your response to Mr. Campbell's argument that the other, the earlier case is not final and therefore race judicata doesn't apply? It seems to me, Judge, that this is as final as it can get, and that's why I accept the law of the case doctrine. You had a trial court decision on the merits. This is where the judge went through and analyzed the HBH standard and reviewed it. There was an appeal in this court that had jurisdiction. Now, was that jurisdiction under 54B? No, I had jurisdiction under 28 U.S.C. 1292A. Oh, okay. An appeal from an injunction. Yes. And I cited there in the LeBlanc case for those propositions. So the court had jurisdiction in this matter and ruled on it. Now, you know, as a practical matter, it would have been better if the first proposition had discussed being reviewed, but that was the reason they made a final decision, and that's a final judgment. I would argue, Your Honor, that the law of the case would require the trial court judgment and the subsequent appeal court to abide by that underlying ruling. Mr. Sumlin, this is Judge Bidey. What remains in Ratamaker 1? I'm sorry. The case is still open. Why is it still open? What's left to decide? The monetary damages and what we've done to the case. There was a claim that there was... Monetary damages for the United States? Yes, for the... For the holdover on the lease. Pardon me? For the holdover on the lease. Judge, I apologize. You've already got that. I can't hear the question. Am I on my cell phone? Are the damages for the holdover on the lease? Is that the problem? Yes. Okay. And that's the only issue that's remaining. And quite frankly, we've discussed about waiving that or not, and we're seeing what happens in this case. And I guess the final point I have on the amendment issue, Your Honor, is that the problem with Mr. Campbell's argument is that, and I see it, is that the court didn't have any rule on it. Mr. Campbell seems to have followed Judge Cooney, but there was no motion, no suggestion before Judge Cooney when he prepared the finding of recognition that there was an appeal. There is a suggestion in the objections to the finding of recognition that that should have been allowed. And, you know, quite frankly, under Rule 15, you have the right to appeal a motion to dismiss and not respond to a plea. But the court had nothing to rule upon. And the Stewart case that I cited for you is, I think, exactly a point. Until the court had something before it to rule upon, there was nothing that the court could make a judgment about. And I think this case is controlled by the two cases I cited in my memorandum. Unless the court has any questions, I have nothing further. Any questions? Let's go. Thank you, counsel. Thank you to both counsel. The case just argued stands submitted. The next case on calendar for argument is Kim v. Barnhart.
judges: Alarcon, Rawlinson, Bybee